UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JOSEPH MULLER,** *on behalf of himself and others similarly situated*,<br><br>**Plaintiff,**<br><br>– against –<br><br>**QWIK LOGISTICS GROUP LLC A/K/A QWIK LOGISTICS,**<br><br>**Defendant.** | Case No.: 22-cv-02500 (JMA) (SIL) |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is made and entered into by and between Joseph Muller ("Plaintiff") and Qwik Logistics Group LLC, ("Qwik Logistics" or "Defendant") ("Plaintiff" and "Defendant" are jointly referred to in this Settlement Agreement as the "Settling Parties"), as of September __, 2022.

## RECITALS

**WHEREAS**, on or about May 2, 2022 Plaintiff filed an action (the "Action") against Defendant alleging: (1) failure to pay an overtime premium for all hours worked in excess of forty per week in violation of 29 U.S.C. §207 (a)(1); (2) failure to pay tipped employees in violation of the Fair Labor Standards Act ("FLSA"); (3) failure to pay overtime under the New York Labor Law (NYLL) in violation of NYLL; (4) illegal tip retention in violation of NYLL § 196-d; (5) failure to supply Plaintiff with information required by NYLL § 195(1); (6) failure to provide accurate wage statements in violation of NYLL §§ 195(3); (7) failure to provide paid sick days in violation of NYLL § 196-b; (8) illegal wage deductions in violation of NYLL § 193; and (9) failure to offer health benefits in violation of the Affordable Care Act. The above-referenced Action is currently pending in the United States District Court, Eastern District of New York, Case No.: 22-cv-02500 (JMA) (SIL).

**WHEREAS**, no court has considered or determined the merits of Plaintiff's claims and there exists a *bona-fide* dispute amongst and between the parties as to each of Plaintiff's claims:

**WHEREAS**, Defendant admits no wrongdoing, nor liability with respect to Plaintiff's allegations, nor do they concede any of them;

**NOW, THEREFORE**, in consideration of the covenants, warranties, and promises set forth below, receipt of which is hereby acknowledged, the Settling Parties agree as follows:

**AGREEMENTS**

1. <u>Consideration</u>. The Settling Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged. Plaintiff agrees that he will not seek any further consideration from or assert any additional or further released claims against Defendant, including any monetary payment, beyond that which is set forth in Paragraph 2 of this Settlement Agreement, for the claims alleged in the above-referenced litigation.

2. <u>Settlement Compensation</u>. Defendant agrees to pay Plaintiff THIRTY-SEVEN THOUSAND DOLLARS AND ZERO CENTS ($37,000.00) (the "Settlement Payment"), inclusive of attorneys' fees, in full settlement of Plaintiff's claims against Defendant, as released in Paragraph 5. The Settlement Payment shall be paid in two (2) installments each in the amount of EIGHTEEN THOUSAND AND FIVE HUNDRED DOLLARS AND ZERO CENTS ($18,500.00). The "Initial Payment" shall occur no later than twenty (20) days after Judicial Approval of this Settlement Agreement. The second and "Final Payment" shall occur no later than fifty (50) days after Judicial Approval of this Settlement Agreement. The allocation of each Settlement Payment is set forth below.

    a. Initial Payment in the amount of $18,500.00 shall be allocated as follows:
        i. Joseph Muller shall receive a total of eleven thousand eight hundred fifty seven dollars and forty-six cents ($11,857.46). Defendant shall issue Plaintiff an IRS Form 1099 with respect to such payment.
        ii. Stagg Wabnik Law Group, shall receive a total of six thousand six hundred forty two dollars and fifty four cents ($6,642.54), consisting of attorneys' fees. Defendant shall issue Plaintiff and Stagg Wabnik Law Group an IRS Form 1099 with respect to such payment.

    b. Final Payment in the amount of $18,500.00 shall be allocated as follows:
        i. Joseph Muller shall receive a total of eleven thousand eight hundred fifty seven dollars and forty six cents ($11,857.46). Defendant shall issue Plaintiff an IRS Form 1099 with respect to such payment.
        ii. Stagg Wabnik Law Group, shall receive a total of six thousand six hundred forty two dollars and fifty four cents ($6,642.54), consisting of attorneys' fees. Defendant shall issue Plaintiff and Stagg Wabnik Law Group an IRS Form 1099 with respect to such payment

    All checks shall be delivered to the David R. Ehrlich, Esq., Stagg Wabnik Law Group, located at 401 Franklin Avenue, Suite 300, Garden City, New York 11530.

3. <u>Affidavit of Confession of Judgment, Default and Right to Cure</u>.
   a. Defendant and its principals, John Yancigay and Daniel Cantelmo, shall execute Affidavits of Confession of Judgment for the amount of FIFTY TWO THOUSAND DOLLARS AND ZERO CENTS ($52,000.00), as well as reasonable attorneys' fees and costs to be paid to Plaintiff for enforcing and filing the said Affidavits of Confession of Judgment. The Affidavit of Confession of Judgment will provide for a credit for all payments made by Defendant pursuant to this Agreement prior to the filing of the Affidavit of Confession of Judgment. The Affidavits of Confession of Judgment are attached hereto as Exhibit B. Following Defendant's and its principals' execution of the Affidavits of Confession of Judgment, Defendant shall provide Plaintiff's Counsel with said executed Affidavits of Confession of Judgment along with this Agreement executed by Defendant bearing original signatures, which shall be held in escrow by Plaintiff's Counsel. Upon the Final Payment of this Agreement and clearance of such funds thereof, the Affidavit of Confession of Judgment will be deemed null and void, and Plaintiff's Counsel will return at their own expense or destroy, with written confirmation of destruction, the original Affidavit of Confession of Judgment to Defendant's counsel and retain no copies of same.

   b. If, in the event that one or more of the checks given to Plaintiff's counsel, as per Paragraph 2 above, is not submitted within the payment schedule detailed in Paragraph 2, then Plaintiff's counsel shall advise Defendant's counsel in writing by email to ccollotta@laborlawsny.com. Defendant shall have ten (10) days from the date of receipt of said notice to cure said default before Plaintiff may file the Affidavits of Confession of Judgment.

4. <u>Tax Documentation</u>. Plaintiff and his counsel shall provide a copy of all necessary information needed for tax purposes upon execution of this agreement. Plaintiff acknowledges and agrees that (i) Plaintiff was exclusively compensated on an 1099 basis during his tenure; (ii) this settlement may result in taxable income to Plaintiff under applicable federal, state and local tax laws; (iii) Defendant is providing no tax, accounting or legal advice to Plaintiff, and make no representations regarding any tax obligations or tax consequences on Plaintiff's part relating to or arising from this Agreement; (iv) Plaintiff shall be solely responsible for all of his personal income tax obligations resulting from this settlement, and Defendant shall be responsible for any and all employer-side taxes and payments as well as any penalties or taxes assessed to any party as a result of the categorization of settlement funds for tax purposes.; (v) Plaintiff has been advised that Defendant must comply with their obligations to make reports of such taxable income to the appropriate federal, state and local tax authorities, and issue IRS Form 1099, as appropriate, and (vi) Plaintiff shall cooperate and provide information to Defendant, as reasonably necessary, to allow Defendant to comply with all applicable federal, state and local tax laws.

5. <u>Release</u>. For, and in consideration of, the payments provided for in Paragraph 2 above, subject to the terms and provisions of this Settlement Agreement, and subject to the payment to Plaintiff and Plaintiff's counsel of all amounts set forth in Paragraph 2 above, Plaintiff fully, finally, irrevocably, and forever releases and discharges Defendant and Defendant's owners, officers, directors, shareholders, members, affiliates, parents, agents, servants, employees, successors, heirs, executors, administrators (the "Releasees"), from any and all wage and hour

claims he brought under the Fair Labor Standards Act and New York Labor Law in this action. This release shall include Plaintiff's potential recovery for any and all wage and hour claims brought on a class or collective basis, or pursuant to any investigation commenced by any governmental agency or entity.

6. Neutral Reference. Defendant agrees that if it is contacted by prospective employers of Plaintiff, Defendant will release only information concerning the dates upon which Plaintiff performed services and the type of services performed and will advise prospective employers of Plaintiff that Defendant's policy is to release only such information.

7. Mutual Non-Disparagement. Plaintiff agrees not to make, or cause to be made, any disparaging or defamatory statements about the Defendant or any of the Releasees, whether by written, oral or electronic means (including, without limitation, by any posting or commentary on any website or through any social media), to any of the Defendant's past, present or future clients, competitors, contractors, employees, or to any other person (including, but not limited to, the press or other media). Principals of Defendant John Yancigay and Daniel Cantelmo likewise agree not to make or cause to be made, any disparaging or defamatory statements about Plaintiff, whether written, oral or by electronic means (including, without limitation, by any posting or commentary on any website or through any social media) to any other person or entity. Nothing shall prevent the parties from making truthful statements regarding the litigation or this Agreement

8. Effective Date. The "Effective Date" of the Settlement means the day the Court has entered an Approval Order that is entered by the Court approving this Agreement.

9. The dismissal of the case with Prejudice (**Exhibit A**) shall be jointly filed upon Defendant's payment of the settlement funds required by Par. 2 herein.

10. Jurisdiction. The Settling Parties consent that the Federal District Court, and presiding judge and/or magistrate, where the Action was originally filed will retain jurisdiction over any question or dispute arising out of or pursuant to this Settlement Agreement.

11. Headings. The Settling Parties understand and agree that the headings in this Settlement Agreement are for their convenience only and have no legal significance.

12. Attorneys' Fees. The Settling Parties agree that, in any court action permitted by this Settlement Agreement, including enforcement proceedings, the prevailing party, as defined by Second Circuit case law, shall be entitled to an award of reasonable attorneys' fees and costs.

13. Entire Agreement. This Settlement Agreement contains all the understandings and representation between the Settling Parties relating to the subject matter herein, and supersedes all prior and contemporaneous understandings, discussions, agreements, representations, and warranties, both written and oral, with respect to such subject matter. The Settling Parties

mutually agree that this Settlement Agreement can be specifically enforced in court and can be cited as evidence in legal proceedings alleging a breach of this Settlement Agreement.

14. <u>Counterparts</u>. The Settling Parties may execute this Settlement Agreement in counterparts, and facsimiles shall be deemed an original, and all of which taken together, shall constitute one and the same instrument.  Execution shall be effective by the signatory signing on the designated signature block below and the signatory's counsel transmitting that signature page via facsimile or email to counsel for the other Parties.  Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email to counsel for the other Parties.  Photocopied, electronic signatures, including those made via DocUSign, and/or facsimile signatures shall be deemed originals for all purposes.

THE SETTLING PARTIES ACKNOWLEDGE AND AGREE THAT THEY HAVE FULLY READ, UNDERSTAND, AND VOLUNTARILY ENTER INTO THIS SETTLEMENT AGREEMENT. THE SETTLING PARTIES ACKNOWLEDGE AND AGREE THAT THEY HAVE CONSULTED WITH, AND ARE ACTING ON ADVICE OF AN ATTORNEY, BY SIGNING THIS SETTLEMENT AGREEMENT.

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

**PLAINTIFF**

JOSEPH MULLER:

By: _____  Date: 9/12/22

**DEFENDANT**

QWIK LOGISTICS GROUP, LLC:

By: _____  Date: _____

mutually agree that this Settlement Agreement can be specifically enforced in court and can be cited as evidence in legal proceedings alleging a breach of this Settlement Agreement.

14. <u>Counterparts</u>. The Settling Parties may execute this Settlement Agreement in counterparts, and facsimiles shall be deemed an original, and all of which taken together, shall constitute one and the same instrument. Execution shall be effective by the signatory signing on the designated signature block below and the signatory's counsel transmitting that signature page via facsimile or email to counsel for the other Parties. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email to counsel for the other Parties. Photocopied, electronic signatures, including those made via DocUSign, and/or facsimile signatures shall be deemed originals for all purposes.

THE SETTLING PARTIES ACKNOWLEDGE AND AGREE THAT THEY HAVE FULLY READ, UNDERSTAND, AND VOLUNTARILY ENTER INTO THIS SETTLEMENT AGREEMENT. THE SETTLING PARTIES ACKNOWLEDGE AND AGREE THAT THEY HAVE CONSULTED WITH, AND ARE ACTING ON ADVICE OF AN ATTORNEY, BY SIGNING THIS SETTLEMENT AGREEMENT.

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

**<u>PLAINTIFF</u>**

JOSEPH MULLER:

By: _____    Date: _____

**<u>DEFENDANT</u>**

QWIK LOGISTICS GROUP, LLC:

By: _____[signature]_____    Date: 9/15/22

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------
JOSEPH MULLER, *on behalf of himself and others similarly situated employees*,

                      Plaintiff,

       -against-

QWIK LOGISTICS GROUP LLC a/k/a QWIK LOGISTICS,

                      Defendant.
-------------------------------------------------------------

Civil Action No.: 22 cv 02500 (JMA)(SIL)

**CONFESSION OF JUDGMENT**

I, JOHN YANCIGAY, being duly sworn, deposes and says:

1. I am the former owner and an agent of the corporate Defendant QWIK LOGISTICS GROUP LLC a/k/a QWIK LOGISTICS ("Corporate Defendant") in the above action.

2. I reside at ___19 Chestnut Stump RD, Northport, NY 11768___
(Home Address, City, State, Zip Code)

3. I, as an individual, and on behalf of the Corporate Defendant, jointly and severally, hereby confesses judgment in this Court in favor of the Plaintiff for the sum of fifty two thousand dollars and zero cents ($52,000.00) in this matter, less any payments made in accordance with the settlement agreement or any amicable resolution of an action between these parties pending in the Eastern District of New York bearing Docket No. 22-CV-02500 (the "Litigation"), and hereby authorize Plaintiff or his heirs, executors, administrators, or assigns to enter judgment for that sum against JOHN YANCIGAY.

4. I, as an authorized agent of the Corporate Defendant, hereby confess judgment in this Court in favor of the Plaintiff and against myself and the Corporate Defendant, jointly and severally, for the sum of fifty two thousand dollars and no cents ($52,000.00) in this matter, less any payments made in accordance with the settlement agreement or any the amicable resolution of an action between these parties pending in the Eastern District of New York bearing Docket No. 22-CV-02500, and hereby authorize Plaintiff or his heirs, executors, administrators, or assigns to enter judgment for that sum against the Corporate Defendant.

5. The confessions of judgment set forth above, for which I made as an individual and on behalf of the Corporate Defendant, all pertain to the same $52,000, less payments made pursuant to the settlement agreement in the Litigation, owed to Plaintiff. The payment of the $52,000, less payments made pursuant to the settlement agreement, made by me, the Corporate Defendant or Daniel Cantelmo, shall fully and completely satisfy the judgment obtained by Plaintiff pursuant to this confession of judgment.

7. This confession of judgment is for a debt justly due to the Plaintiff arising out of the following facts:

Plaintiff commenced the Litigation pursuant to the Fair Labor Standards Act and the New York Labor Law, alleging that the Corporate Defendant misclassified Plaintiff as an independent contractor and therefore owed certain overtime wages, tips, and minimum wages, improperly deducted wages and failed to provide statutory wage notices and statements. The Litigation was amicably resolved between the parties with no determination relative to Plaintiff's status as an independent contractor, and the Corporate Defendant agreed to pay a total of thirty-seven thousand dollars ($37,000.00) pursuant to the following payment schedule:

> i. 1st installment: Within 20 days of the Court approval of the settlement agreement of this Litigation, Corporate Defendant shall provide payment in the amount of eighteen thousand five hundred dollars ($18,500.00), as allocated in the settlement agreement; and
>
> ii. 2nd installment: Within 50 days of the Court approval of the settlement agreement in this Litigation, Corporate Defendant shall provide payment in the amount of eighteen thousand five hundred dollars and zero cents ($18,500.00), as allocated in the settlement agreement..

8. The parties also agree that should the Corporate Defendant or its former owners or agents fail to make a payment when due pursuant to the settlement agreement approved in this Litigation, or to cure such default within ten (10) calendar days' written notice of the default to the Corporate Defendant via electronic mail to Christopher Collotta, Esq. email: ccollotta@laborlawsny.com, , Corporate Defendant and myself would be indebted to Plaintiffs in the amount of $52,000.00, less any payments made in accordance with the Settlement Agreement.

9. In the event of such a default and entry of such judgment as described above, Corporate Defendant and myself agree to pay, in addition to the $52,000 less any payments received pursuant to this Agreement, the statutory costs and reasonable attorneys' fees incurred in the process of Plaintiff entering and enforcing the judgment, and interest on the judgment to Plaintiff.

10. Defendants' counsel is entitled to notice of entry of the Affidavit of Confession of Judgment to be sent to Christopher Collotta, Esq. by email at

ccollotta@laborlawsny.com, and by overnight mail to Christopher Collotta, One Corporate Drive, Suite 103, Bohemia, New York 11716.

11. This confession of judgment is not for the purpose of securing the Plaintiff against a contingent liability, nor is it based upon a consumer credit transaction.

_____
JOHN YANCIGAY, as an individual

Date: 9/15/2022

Sworn to before me this
15th day of Sept, 2022

_____
Notary Public

_____
JOHN YANCIGAY, as an agent authorized to execute on behalf of QWIK LOGISTICS GROUP LLC a/k/a QWIK LOGISTICS, CUSTOM FAB GROUP CORP.

Date: 9/15/2022

Sworn to before me this
15 day of Sept, 2022

_____
Notary Public

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------

JOSEPH MULLER, *on behalf of himself and others similarly situated employees*,

Civil Action No.: 22 cv 02500 (JMA)(SIL)

Plaintiff,

-against-

**CONFESSION OF JUDGMENT**

QWIK LOGISTICS GROUP LLC a/k/a QWIK LOGISTICS,

Defendant.
-------------------------------------------------------------

I, DANIEL CANTELMO, being duly sworn, deposes and says:

1. I am the former owner and an agent of the corporate Defendant QWIK LOGISTICS GROUP LLC a/k/a QWIK LOGISTICS, CUSTOM FAB GROUP CORP. ("Corporate Defendant") in the above action.

2. I reside at __185 Bay Ave, Patchogue, NY 11772__
(Home Address, City, State, Zip Code)

3. I, as an individual, and on behalf of the Corporate Defendant, jointly and severally, hereby confesses judgment in this Court in favor of the Plaintiff for the sum of fifty two thousand dollars and zero cents ($52,000.00) in this matter, less any payments made in accordance with the settlement agreement or any amicable resolution of an action between these parties pending in the Eastern District of New York bearing Docket No. 22-CV-02500 (the "Litigation"), and hereby authorize Plaintiff or his heirs, executors, administrators, or assigns to enter judgment for that sum against DANIEL CANTELMO.

4. I, as an authorized agent of the Corporate Defendant, hereby confess judgment in this Court in favor of the Plaintiff and against myself and the Corporate Defendant, jointly and severally, for the sum of fifty two thousand dollars and no cents ($52,000.00) in this matter, less any payments made in accordance with the settlement agreement or any the amicable resolution of an action between these parties pending in the Eastern District of New York bearing Docket No. 22-CV-02500, and hereby authorize Plaintiff or his heirs, executors, administrators, or assigns to enter judgment for that sum against the Corporate Defendant.

5. The confessions of judgment set forth above, for which I made as an individual and on behalf of the Corporate Defendant, all pertain to the same $52,000, less payments made pursuant to the settlement agreement in the Litigation, owed to Plaintiff. The payment of the $52,000, less payments made pursuant to the settlement agreement, made by me, the Corporate Defendant or John Yancigay, shall fully and completely satisfy the judgment obtained by Plaintiff pursuant to this confession of judgment.

7. This confession of judgment is for a debt justly due to the Plaintiff arising out of the following facts:

Plaintiff commenced the Litigation pursuant to the Fair Labor Standards Act and the New York Labor Law, alleging that the Corporate Defendant misclassified Plaintiff as an independent contractor and therefore owed certain overtime wages, tips, and minimum wages, improperly deducted wages and failed to provide statutory wage notices and statements. The Litigation was amicably resolved between the parties with no determination relative to Plaintiff's status as an independent contractor, and the Corporate Defendant agreed to pay a total of thirty-seven thousand dollars ($37,000.00) pursuant to the following payment schedule:

> i. 1st installment: Within 20 days of the Court approval of the settlement agreement in this Litigation, Corporate Defendant shall provide payment in the amount of eighteen thousand five hundred dollars ($18,500.00), as allocated in the settlement agreement; and
>
> ii. 2nd installment: Within 50 days of the Court approval of the settlement agreement in this Litigation, Corporate Defendant shall provide payment in the amount of eighteen thousand five hundred dollars and zero cents ($18,500.00), as allocated in the settlement agreement..

8. The parties also agree that should the Corporate Defendant or its former owners or agents fail to make a payment when due pursuant to the settlement agreement approved in this Litigation, or to cure such default within ten (10) calendar days' written notice of the default to the Corporate Defendant via electronic mail to Christopher Collotta, Esq. email: ccollotta@laborlawsny.com, Defendants would be indebted to Plaintiffs in the amount of $52,000.00, less any payments made in accordance with the Settlement Agreement.

9. In the event of such a default and entry of such judgment as described above, Corporate Defendant and myself agree to pay, in addition to the $52,000 less any payments received pursuant to this Agreement, the statutory costs and reasonable attorneys' fees incurred in the process of entering and enforcing the judgment, and interest on the judgment to Plaintiff.

10. Defendants' counsel is entitled to notice of entry of the Affidavit of Confession of Judgment to be sent to Christopher Collotta, Esq. by email at ccollotta@laborlawsny.com, and by overnight mail to Christopher Collotta, One Corporate Drive, Suite 103, Bohemia, New York 11716.

11. This confession of judgment is not for the purpose of securing the Plaintiff against a contingent liability, nor is it based upon a consumer credit transaction.

_____
DANIEL CANTELMO, as an individual

Date: 9/15/22

Sworn to before me this
9 day of Sept, 2022

_____
Notary Public

_____
DANIEL CANTELMO, as an agent authorized to execute on behalf of QWIK LOGISTICS GROUP LLC a/k/a QWIK LOGISTICS, CUSTOM FAB GROUP CORP.

Date: 9/15/22

Sworn to before me this
9 day of Sept, 2022

_____
Notary Public