

**David R. Ehrlich**
*Partner*

Direct 516.812.4518
Fax: 516.812.4618
dehrlich@staggwabnik.com

staggwabnik.com

401 Franklin Avenue, Suite 300, Garden City, NY 11530
T 516.812.4550

331 Newman Springs Road, Building 1, 4th Floor, Suite 143, Red Bank, NJ 07701| T 732.784.1586
1111 Summer Street, 5th Floor, Stamford, CT 06905| T 203.967.4000

September 27, 2022

**VIA ECF:**
Honorable Steven I. Locke
Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

   Re: *Joseph Muller v. Qwik Logistics Group LLP*
     <u>Eastern District Case No.: 2:22-cv-02500</u>

Dear Magistrate Judge Locke:

  This letter is respectfully submitted on behalf of all parties in the above-captioned matter, seeking the Court's approval of the settlement reached between the parties, per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), as Plaintiff's claims arise under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

  The parties engaged in a Court ordered mediation, resolved the case in principle, and have memorialized and executed a settlement agreement (with confessions of judgment) and a Stipulation of Dismissal, which will discontinue the above-captioned case, with prejudice, in exchange for a payment by Defendants to Plaintiff in the amount of $37,000 in satisfaction for all claims raised in this action (and in accordance with the terms of the settlement agreement).

### *Claims and Defenses*

  It is submitted that there are a number of factual and legal disputes between the parties which could ultimately impact Plaintiff's ability to prevail if this case would have proceeded to dispositive motion practice or to trial. Plaintiff performed services as a delivery driver for Defendants for approximately 18 months, and the chief claims asserted relate to misclassification of Plaintiff as an independent contractor and a failure to pay overtime, failure to pay tips, failure to pay minimum wage and statutory violations for failure to provide wage notice and wage statements. Defendants, without conceding a misclassification or liability, acknowledge the risk of liability of the overtime and minimum wage claims, a portion of the tip claim and the statutory

Honorable Steven I. Locke
September 27, 2022
Page 2

claims, and vigorously contest the significant claim made by Plaintiff that he did not receive his tips for the bulk of his time performing services for Defendants. To support Defendants' contention that Plaintiff received his tips for the majority of his time performing services for Defendants, they produced documents which Defendants contend demonstrate that tips were received. The two views of this case present a *bona fide* dispute, and if Defendants are successful in establishing that Plaintiff was an independent contractor and/or received all of his tips for the bulk of his time performing services for Defendants, a significant portion of Plaintiff's claim will be dismissed.

### *The Settlement Terms*

Pursuant to the Settlement Agreement (annexed as Exhibit 1), the parties have agreed to the following break-down as to payment of the total $37,000 settlement amount:

- Plaintiff's Recovery:         $23,714.92
- Attorneys' fees and expenses:  $13,285.08
  (1/3 contingency fee = $12,333.33
  Expenses in the amount of $951.75 consisting mainly of filing fee, process server fees.)

The parties believe this settlement to be a fair resolution to this litigation, due to the aforementioned disputes about the viability and value of Plaintiff's claims.

### *The Settlement Should be Approved*

The standard for approval of FLSA settlement is well-established in the Second Circuit. As stated by the Court in *Serebryakov v. Golden Touch Transp. of NY. Inc.*, 2013 WL 3364393, at *2 (E.D.N.Y. 2013), "[i]n the absence of a certified class, a district court typically considers the following factors to determine whether a settlement of individual FLSA claims is reasonable: (1) the complexity, expense, and likely duration of litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of defendants to withstand a larger judgment; and (6) the range of reasonableness in light of the best possible recovery and all the risks of litigation." *Id.* at *2 (citations omitted). *See also Diaz v. Scores Holding Co.,* No. 07-8718 (THK), 2011 WL 6399468, at *2 (S.D.N.Y. 2011) ("Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bonafide* disputes...Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, courts will approve the settlement")(citations omitted).

Based on the *bona fide* disputes as to the value and viability of Plaintiff's claims, as well as the inherent risks of trial, the parties respectfully submit that the Settlement Agreement represents a fair and reasonable settlement of Plaintiff's claims in this action.

Honorable Steven I. Locke
September 27, 2022
Page 3

According to Plaintiff's calculations, if he succeeded on all his claims at trial, he would be entitled to approximately $42,000, exclusive of attorney's fees. However, while Plaintiff stands by his claims, he acknowledges that he faces a significant risk in establishing liability with regard to some of his key claims, which if he lost, would result in him receiving a relatively small monetary amount after trial—significantly less than the agreed upon settlement amount. Plaintiff is also cognizant of the risks and uncertainty of protracted litigation, motion practice, appeals and other factors that might affect his ability to recover on any of the claims asserted in this action, such as the viability of the corporate entity, as well as the amount of time it would take to recover a judgment at trial.

It is respectfully submitted that approval of this settlement is warranted because it is the product of an arms-length negotiation before a court appointed mediator and between parties represented by knowledgeable and experienced counsel who focus a significant part of their respective practices on wage and hour litigation. *Wolinsky v. Scholastic, Inc.,* 900 F. Supp.2d 322 (S.D.N.Y. 2012). Throughout the course of the aforementioned negotiation, the parties shared their respective views on the validity and potential value of the claims, and with the help of the court appointed mediator, ultimately reached a deal that both sides felt, given the risks associated with a protracted litigation, was a fair compromise. Indeed, the parties were able to reach this compromise without having to engage in full document discovery, depositions or motion practice, and a settlement at this early stage of the case for this amount unquestionably constitutes the most efficient and effective conclusion to this litigation for all parties.

The settlement agreement submitted for approval is in line with the mandates of *Cheeks*. The Agreement does not contain a confidentiality provision; the Agreement only provides for a release of NYLL and FLSA claims up to the date of the signing of the Agreement; and Plaintiff's attorneys' fees will be one-third of the total settlement.

Plaintiff's counsel, David R. Ehrlich, Esq., has dedicated his practice for the last 16 years (almost) exclusively on employment law matters and has significant experience representing employees in wage and hour actions. He is now an owner of Stagg Wabnik Law Group, where he has focused almost exclusively on employment law matters for the last ten years, and previously spent six years working at a large national employment law firm. At both firms, wage and hour litigation has been a significant part of his practice. Plaintiff's counsel used his experience to obtain an excellent result for the Plaintiff, which the client is very pleased with. Thus, the quality of representation weighs in favor of approving the requested fee.

The requested fee is reasonable in relation to the settlement. The settlement agreement provides for a fee of $12,333.33, which represents one-third of the total settlement amount, plus expenses advanced on Plaintiff's behalf in the litigation ($951.75--the filing fee and process server fee as the main expenses). The proposed fee was consensual and agreed to by Plaintiff. The fee is also fair and reasonable as Plaintiff's counsel, including paralegals and attorneys, have spent more than 50 hours on this action by meeting and speaking with the client many times, reviewing voluminous documents, drafting a complaint, corresponding and communicating with defendants' counsel, drafting a mediation statement and conducting the mediation resulting in the settlement. *See Mireku v. Red Vision Sys., Inc.*, 2013 U.S. Dist. LEXIS 172102 (S.D.N.Y. Dec. 6, 2013) (noting the consensual nature of the fee arrangement); *see also Rangel v. 639 Grand St. Meat & Produce Corp.,* No. 13 Civ. 3234, 2013 U.S. Dist. LEXIS 134207, at *4 (E.D.N.Y. Sept. 19, 2013)

Honorable Steven I. Locke September 27, 2022
Page 4

("Pursuant to plaintiff's retainer agreement with counsel, the fee is one-third of the settlement amount, plus costs. This fee arrangement is routinely approved by courts in this Circuit."). Moreover, "[c]ontingency fees of one-third in FLSA cases are routinely approved in this Circuit." *Martinez v. Consulate Gen. of Algeria in N.Y.*, 2016 U.S. Dist. LEXIS 157999, at *8-9 (S.D.N.Y. Nov. 15, 2016); *see also, e.g.*, *Geskina v. Admore Air Conditioning Corp.*, No. 16 Civ. 3096, 2017 U.S. Dist. LEXIS 67583, at *8-9 (S.D.N.Y. May 3, 2017); *Ramirez v. Greenside Corp.*, No. 16 CV 726, 2017 U.S. Dist. LEXIS 30527, at *9-10 (S.D.N.Y. Mar. 3, 2017); *Maldonado v. Srour*, No. 13 Civ. 5856, 2016 U.S. Dist. LEXIS 139881, at *3 (E.D.N.Y. Oct. 6, 2016); *Garcia v. Atlantico Bakery Corp.*, No. 13 Civ. 1904, 2016 U.S. Dist. LEXIS 84631, at *3-4 (S.D.N.Y. June 29, 2016).

Finally, the FLSA is a remedial statute designed to protect employees from unfair labor practices. 29 U.S.C. § 202(a). A fair attorneys' fee award that takes into account the services provided and the risks undertaken furthers these remedial purposes. For the reasons set forth about, we respectfully request that the Court approve the attorneys' fees and costs set forth in the settlement agreement.

## *Conclusion*

In light of the foregoing, the parties respectfully submit that the proposed settlement amount is fair and reasonable, and further, that the terms of the settlement agreement comport with the requirements under the FLSA and NYLL. The parties respectfully request that the Court approve the settlement to resolve this case for $37,000. We thank the Court for its time and consideration.

Respectfully submitted,

_____
David R. Ehrlich
Stagg Wabnik Law Group LLP
*Attorneys for Defendants*
401 Franklin Avenue, Suite 300
Garden City, New York 11530

Enclosure

cc:   All Counsel (via ECF)